IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Board of Trustees, Sheet Metal Workers' National Pension Fund, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No.: 1:07cv688 |
| Galaxy Heating and Cooling Inc., ) ) | |
| Defendant. ) | |

[Stamp: MAR 2 6 2008, U.S. ... ALEXANDRIA, VIRGINIA]

## REPORT AND RECOMMENDATION

On February 29, 2008 United States Magistrate Judge John F. Anderson heard Plaintiffs Board of Trustees, Sheet Metal Workers' National Pension Fund's Motion for Default Judgment pursuant to 28 U.S.C. Section 636. (Dkt. no. 16). Plaintiffs appeared through Counsel, and Defendants did not appear or otherwise defend the Motion. Magistrate Judge John F. Anderson took Plaintiffs' Motion under advisement pending issuance of this Report and Recommendation. For the reasons stated herein, Magistrate Judge Barry R. Poretz recommends a default judgment in the amount of $17,396.87 plus attorneys' fees.

### I.   Procedural History

Plaintiffs filed the Complaint in the instant matter on July 17, 2007. (Dkt. no. 1). On July 17, 2007 a summons was issued and mailed to the attorney for service. (Dkt. no. 3). The summons was returned executed as to Defendant on August 8, 2007. (Dkt. no. 4). Defendant failed to file an answer or other responsive pleading within twenty days. Plaintiffs filed a Motion for Default Judgment and a notice of hearing on August 31, 2007. (Dkt. nos 5, 7). Subsequent to the filing, the Plaintiffs did request and on September 12, 2007 received an Entry of Default by the Clerk of Court. (Dkt. no. 11). By Order dated September 11, 2007 the Court

denied the Motion for Default Judgment for Failure to comply with Court Order dated September 4, 2007. On September 12, 2007 the Plaintiffs did request and on November 6, 2007 did receive a second Entry of Default by the Clerk of Court. On February 6, 2008 the Plaintiffs filed their Second Motion for Default Judgment with accompanying Memorandum in Support thereto and notice of hearing. The Motion was heard on February 29, 2008 by the Honorable John F. Anderson and was taken under advisement pending this report and recommendation.

## II. Factual Summary

The following factual summary is based on Plaintiffs' Complaint, Plaintiffs' Motion for Default Judgment, Plaintiffs' Memorandum in Support thereto and accompanying exhibits and affidavits (Dkt. nos. 1, 16, 17).

### A. The Parties

Plaintiffs are individual trustees who are fiduciaries as defined under the Employment Retirement Income Security Act (ERISA) and administer the Fund in Alexandria, Virginia. Upon information and belief, Defendant Galaxy Heating & Cooling Inc. is an Iowa corporation with its principal place of business in Palo, Iowa.

### B. Jurisdiction

Subject matter jurisdiction is proper and based on a federal question regarding the Defendant's alleged violation of the Employment Retirement Income Security Act ( ERISA) under 29 U.S.C. §§ 1132 and 1145. Personal Jurisdiction is proper based on Board of Trustees, Sheet Metal Workers National Pension Fund v. McD Metals, Inc., 964 F.Supp. 1040 (1997).

### C. Grounds for Entry of Default

After receiving the Complaint, Federal Rule of Civil Procedure 12 required Defendant to defend the action by serving an answer or other responsive pleading within twenty days. Because Defendant did not serve an answer or other responsive pleading by August 21, 2007,

Plaintiffs were entitled to request the Clerk of Court to enter default under Rule 55(a). Upon Plaintiffs' second request for Entry of Default on September 12, 2007 (Dkt. no. 12), the Clerk entered a Default as to Defendant on November 6, 2007 (Dkt. no. 14).

D. Nature of the Action

To form the factual basis for its allegations against Defendant, Plaintiffs aver that they are fiduciaries as defined under § 3(21) of ERISA and maintain their principal place of business in Alexandria, Virginia and that Defendant is an Iowa corporation with a business office located in the State of Iowa. (Compl., Dkt. no. 1, ¶ 1-3).

Plaintiffs aver and maintain that the Defendant, who is an employer within the meaning of 29 U.S.C. § 152(2) of ERISA, is bound by a Collective Bargaining Agreement with Sheet Metal Workers' International Association Local Union No. 263. (Compl., Dkt. no. 1, ¶ 6). That under said agreement, the Defendant is required to make timely payments and submit monthly remittance reports and contribute funds on behalf of the covered employees. Id. Plaintiffs aver and maintain that the Defendant did fail to contribute to plan in violation of ERISA. Id. Particularly, the Fund determined that as of September 6, 2007 the Defendant ceased to have an obligation to the Fund and did withdraw, failing to pay its Exit Contribution.

E. Damage Request

A party may recover lost profits that were within the contemplation of the parties at the time the contract was entered into. Ashland Mgmt. Inc. v. Janien, 624 N.E.2d 1007, 1011 (N.Y. 1993). To calculate the amount of damages, the amount must be capable of measurement based upon known, reliable factors without undue speculation. Id.

In support of their calculations the Plaintiffs rely on ERISA section 502(g)(2), 29 U.S.C. § 1132(g)(2) which states

" In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–

(A) the unpaid contributions,

(B) interest on the unpaid contributions,

(C) an amount equal to the greater of–

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26."

In support of their calculations, the Plaintiffs' submit their Motion for Default Judgment, Memorandum in Support, and the attached Affidavits of Walter Shaw and Marc Rifkin . (Dkt. no. 16, Exhibits 1, 2). Plaintiffs request that the Court enter judgment in their favor in the amount of $12,662.20 for failure to pay the delinquent Exit Contribution; $2,532.44 for liquidated damages for, and $2,152.23 in interest assessed at the rate of 12% per annum from the date due through the date of payment, late fees in the amount of $50.00, and attorneys' fees and costs in the amount of $8,351.15. Plaintiffs are

entitled to interest pursuant to 29 U.S.C. § 1132(g)(2)(C)(I) and are entitled to attorneys' fees pursuant to 29 U.S.C. §1132(g)(2)(D).

### III.  Conclusion and Recommendation

The Magistrate Judge finds that the Defendant admits the factual allegations in Plaintiffs' Complaint. *See*, Fed. R. Civ. Pro 8(d) ("Averments in a pleading to which a responsive pleading is required... are admitted when not denied in the responsive pleading"); *Globalsantafe Corp v. Globalsantage.com*, 250 F.Supp. 2d 610, 612 n.3 (E.D. Va. 2003 )("Upon default, facts alleged in the complaint are deemed admitted."); *Music City v. Alfa Foods, Ltd.*, 616 f. Supp. 1001, 1002 (E.D. Va. 1985) ("averments, not denied, contained in plaintiff's complaint are deemed to be admitted"). On these facts, the Magistrate Judge concludes that the Defendant is in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1332 and 1145.

The Magistrate Judge further finds that Plaintiffs are entitled to an award, against Defendant, in the amount of $12,662.20 for failure to pay the delinquent Exit Contribution; $2,532.44 for liquidated damages for, and $2,152.23 in interest assessed at the rate of 12% per annum from the date due through the date of payment, late fees in the amount of $50.00, and attorneys' fees and costs in the amount of $8,351.15. "In all cases a judgment by default is subject to the limitations of Rule 54." Fed. R. Civ. Pro. 55(d). Rule 54( c) expressly limits the amount of damages in a default cases to the amount pled in the complaint.[1] Fed. R. Civ. Pro. 54( c) ("A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.") *See also, Eddins v. Medlar* Nos. 87-2602, 89-2910, 881 F.2d 1069, 1989 WL 87630 at *1, 3 (4th Cir. July 21, 1989) ("[Rule 54( c)] expressly protects a defaulting party from a judgment in excess of that demanded in the complaint.") (unpublished

opinion); *Compton v. Alton Steamship Co.* 608 F.2d 96, 105 (4th Cir. 1979) ("[T]he relief available on default [should] be such as is within the fair scope of the allegations of the complaint and, when money judgment is sought, the specific amount demanded.") (internal citations omitted).

In the instant Motion, Plaintiffs substantiated their request for an award of damages through the Affidavit of Walter Shaw, the Billing and Eligibility Manager for the Plaintiff (Dkt. no. 16.), the Motion for Default Judgment, and the Memorandum in Support thereto with . (Dkt. no. 17). The Magistrate Judge concludes that Plaintiffs fully complied with the mandate of Rule 54(c) by not seeking an award in excess of the amount pled in the Complaint.

Based on the foregoing, the Magistrate Judge recommends that a default judgment be entered against Defendant, that Defendant pay a judgment to Plaintiffs in the amount of $12,662.20 for failure to pay the delinquent Exit Contribution; $2,532.44 for liquidated damages for, and $2,152.23 in interest assessed at the rate of 12% per annum from the date due through the date of payment, late fees in the amount of $50.00, and attorneys' fees and costs in the amount of $8,351.15.

## IV. Notice

All the parties are advised that objections to this Report and Recommendation pursuant to 28 U.S.C. Section 636 and Federal Rule of Civil Procedure 72(b) must be filed within ten (10) days after service. A failure to file timely objections waives appellate review of a judgment based on this Report and Recommendation.

/s/
_____
Barry R. Poretz
United States Magistrate Judge

Barry R. Poretz

United States Magistrate Judge

Entered this 26th day of March, 2008.

Alexandria, Virginia